IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY SCOTT DENNY, # 290082, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:15cv38-WKW |
| | ) | (WO) |
| PHYLLIS BILLUPS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by state inmate Timothy Scott Denny on January 5, 2015. *Doc. No. 1*. Denny challenges his 2013 conviction in the Circuit Court of Lee County, Alabama, for the offense of rape in the second degree, in violation of § 13A-6-62, Ala. Code 1975. He raises various claims of trial error and ineffective assistance of counsel. *See Doc. No. 1 & Attachments*. The respondents argue that Denny's habeas petition should be dismissed without prejudice to allow him to exhaust his claims in the state courts. *Doc. No. 7*. Denny was afforded an opportunity to show cause why his petition should not be dismissed based on his failure to exhaust (*Doc. No. 8*), and he has filed a response with this court (*Doc. No. 11*).

**DISCUSSION**

A petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State." 28 U.S.C. §

2254(1)(b)(1)(A). The exhaustion doctrine in § 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples,* 489 U.S. 346, 349 (1989). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard v. Connor*, 404 U.S. 270, 277-78 (1971). To fully exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. § 2254(c)).

Upon review of the pleadings and other materials filed in this case, it appears that Denny has not yet exhausted his available state court remedies regarding some of the claims in his § 2254 petition, particularly his claims of ineffective assistance of counsel. On direct appeal, Denny's conviction and sentence were affirmed by the Alabama Court of Criminal Appeals by a memorandum opinion issued on March 14, 2014. *Doc. No. 7, Resp'ts Exh. 4.* Denny applied for rehearing, which was overruled on April 4, 2014. *Id., Resp'ts Exhs. 5 & 6.* The Alabama Court of Criminal Appeals issued a certificate of judgment on April 23, 2014. *Id., Resp'ts Exh. 7.* On July 21, 2014, Denny filed a petition for writ of certiorari with the Alabama Supreme Court. *See id., Resp'ts Exh. 2.* On August 14, 2014, that court denied Denny's petition for certiorari review as untimely filed. *Id., Resp'ts Exh. 8.*

Denny may still present his claims of ineffective assistance of counsel to the state

courts in a timely petition for post-conviction relief under Rule 32, Ala.R.Crim.P. *See* Ala.R.Crim.P. 32.2(c) (setting forth one-year limitation period for filing Rule 32 petitions, running from state appellate court's entry of certificate of judgment). Indeed, on August 27, 2014, Denny filed a Rule 32 petition with the state trial court in which he asserts, among things, claims of ineffective assistance of counsel. *Doc. No. 7, Resp'ts Exh. 9*. With his Rule 32 petition, Denny filed a declaration seeking *in forma pauperis* status, which the trial court denied on the ground that Denny had excessive deposits in his prison account over the previous year. *Id., Resp'ts Exhs. 10 & 11*. On January 12, 2015, the trial court entered an order granting Denny an additional 90 days in which to pay the filing fee for his Rule 32 petition. *Id., Resp'ts Exh. 12*. Thus, Denny's Rule 32 case is still pending in the state courts, and, in any event, the time has not expired for him to file a timely Rule 32 petition.

In his response to this court's show cause order (*Doc. No. 11*), Denny appears to argue that he should be excused from the exhaustion requirement on the ground of futility because, he says, he is unable to pay the filing fee for his Rule 32 petition. Denny's remedy to challenge the trial court's denial of his *in forma pauperis* application is through a petition for writ of mandamus filed in the state appellate courts challenging the trial court's denial of his *in forma pauperis* application. Under the circumstances, this court does not deem it appropriate to rule on the merits of Denny's claims for relief without first requiring that he exhaust the remedies available to him in the state courts. *See* 28 U.S.C. § 2254(1)(b)(2). Consequently, the court concludes that the petition for habeas corpus relief should be

3

dismissed without prejudice so that Denny can pursue his available state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed without prejudice to afford Denny an opportunity to exhaust all state court remedies available to him.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before April 6, 2015.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 23rd day of March, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE